Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3696 | **DATE** | 9/23/2010 |
| **CASE TITLE** | Feeney vs. Bayer Corp., et al. | | |

**DOCKET ENTRY TEXT**

The Court grants plaintiff's motion to file a substituted reply memorandum [# 26]. For the reasons stated below, the Court denies plaintiff's motion to remand [# 37]. The Court stays further proceedings in the case pending determination by the Judicial Panel on Multidistrict Litigation whether to transfer this case to the MDL proceeding pending before Judge Herndon. Due to the stay, the Court terminates without prejudice defendant Walgreen Co.'s motion to dismiss [# 18]. The case is set for a status hearing on 11/10/10 at 9:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Shevawn Feeney sued Bayer Corp., Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare, LLC (collectively Bayer) and Walgreen Co. in Illinois state court. She alleges that she was injured from her use of a prescription oral contraceptive commonly called YAZ or Yazmin. Both Feeney and Walgreen are Illinois citizens. Bayer is a citizen of other states. Bayer removed the case to this court despite the apparent lack of complete diversity of citizenship. It contends that the Court should disregard Walgreen's citizenship because it was "fraudulently joined" as a defendant, a term to which the Court will return in a moment. Bayer then moved to stay the case pending determination of whether it should be transferred to the Southern District of Illinois for coordinated pretrial proceedings in an existing multi-district litigation (MDL) proceeding. Feeney has moved to remand the case to state court.

A defendant is considered to be fraudulently joined, and its citizenship is disregarded for diversity purposes, if the plaintiff has no reasonable chance of success against the defendant. *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Bayer bears "a heavy burden" to establish fraudulent joinder. *Id.* If there is "any reasonable possibility that a state court would rule against the non-diverse defendant," it is not fraudulently joined. *Id.* Uncertainties on the state of controlling substantive law are resolved in the plaintiff's favor. *See B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 843 (S.D. Ill. 2008).

Bayer manufactured and marketed Yazmin. Walgreen dispensed the medication to Feeney pursuant to her physician's prescription. Feeney has sued Walgreen on claims of breach of warranty under the Uniform Commercial Code, strict product liability, and negligence. Bayer argues that Feeney has no reasonable chance of success against Walgreen on any of these claims. Judge David Herndon, who is presiding over the coordinated pretrial proceedings in the Yazmin MDL, so ruled in denying remand of another Yazmin suit in which the plaintiff had named an in-state pharmacy as a defendant. *See In re Yasmin and Yaz (Drospirenone)*

| STATEMENT |
|---|

*Marketing, Sales Practices and Products Liability Litig.*, 692 F. Supp. 2d 1025 (S.D. Ill. 2010).

The Court has considered the parties' arguments and the authorities they have cited, which include not only Judge Herndon's decision in *In re Yasmin* but also decisions by Judge Herndon's colleague Judge Patrick Murphy in *Riddle v. Merck & Co.*, No. 06-172-GPM, 2006 WL 1064070 (S.D. Ill. Apr. 21, 2006); *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096 (S.D. Ill. 2007); and other cases, in each of which Judge Murphy rejected contentions that pharmacies had been fraudulently joined in similar situations.

The Court finds Judge Herndon's decision in *In re Yasmin* persuasive, with one exception that turns out to be immaterial. Judge Herndon ruled that there is no reasonable possibility of success against a pharmacy on strict liability or negligence claims in a case like this one because under Illinois law, a pharmacist has no duty to warn its customers about a drug's risks and side effects. *In re Yasmin*, 692 F. Supp. 2d at 1033-35. This Court agrees, for the same reasons Judge Herndon described. Judge Herndon further ruled that there is no reasonable possibility of success on a UCC breach of warranty claim because under Illinois law, the pharmacist-customer transaction is predominantly a transaction in services, not a transaction in goods. *Id.* at 1035-37. This Court does not find that point to be so clearly established as a matter of Illinois law that a plaintiff would have no reasonable prospect of succeeding. But the Court is persuaded by Judge Herndon's alternative holding that a breach of warranty claim does not lie against a pharmacy under Illinois law because to allow one would effectively nullify established Illinois law to the effect that pharmacies have no duty to warn about drug risks and Illinois policy against expansion of liability for pharmacies. *See id.* at 1037.

For these reasons, the Court denies plaintiff's motion to remand [# 37]. The Court stays further proceedings in the case pending determination by the Judicial Panel on Multidistrict Litigation whether to transfer this case to the MDL proceeding pending before Judge Herndon.